**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **KAREN KRUMMEN, et al.,** | : | **CASE NO: 1:13cv00193** |
| | : | (J. Dlott, Magistrate J. Litkovitz) |
| **Plaintiffs** | : | |
| | : | |
| **vs.** | : | |
| | : | |
| **CITY OF NORTH COLLEGE HILL,** et al., | : | |
| | : | |
| **Defendants** | : | |

**MEMORANDUM OF DEFENDANT, CITY OF NORTH COLLEGE HILL IN OPPOSITION TO INTERVENORS' MOTION TO INTERVENE**

**I.     INTRODUCTION**

The Defendant, City of North College Hill ("the City") opposes the Motion of Proposed Intervenors for leave to intervene and file an intervening complaint. (Doc. 14). The City incorporates by reference Plaintiffs' response in opposition to the Intervenors' Motion to intervene. (Doc. 17).  The City advances the following additional arguments below.

**II.     PROPOSED INTERVENING COMPLAINT**

The proposed intervenors' complaint (Doc. 14) alleges that the City has "undertaken a course of action to frustrate and infringe upon the rights secure to the Intervening Plaintiffs pursuant to the First and Fourteenth Amendments to the United States Constitution." (Doc. 14, ¶ 29).  Apparently, this claim is based upon allegations that the City has or will refuse to offer a "viable defense" of the charter amendment. (Doc. 14, ¶¶ 17-18).  Intervening Plaintiffs conclude that, under alleged these facts, the City is threatening or has violated their rights under the First and Fourteenth Amendments to the

Constitution, "including the freedom of speech, freedom of association and freedom to petition for redress of grievances." (Doc. 14, ¶ 19). They further allege that by consenting to an order, which invalidates the charter amendment, the City will infringe upon proposed Intervening Plaintiffs' constitutional rights. (Doc. 14, ¶¶ 21-23).

The proposed intervening complaint also asserts a state law claim for declaratory judgment that the charter amendment is valid and constitutional under the Constitution of the State of Ohio. (Doc. 14, ¶¶ 34-36).

### III. ARGUMENT

The proposed intervenors' federal claim fails to state a claim for the reasons set forth in Plaintiffs' response (Doc. 17), and for several additional reasons.

The citizens' right to referendum is not a constitutionally protected liberty interest. In *Marderosin v. City of Beavercreek*, 423 Fed.Appx.524, 527 (6th Cir.2011), the Sixth Circuit noted that: "The Supreme Court has never held, however, that any particular right to referendum is guaranteed under federal law and, indeed, we have held to the contrary. See *Taxpayers United for Assessment Cuts v. Austin*, 994 F.2d 291, 295 (6th Cir.1993)(finding that the Constitution does not require a state to have any sort of ballot-initiative procedure)." The Sixth Circuit in *Marderosin* further noted that: "[T]he Supreme Court has held that a violation of substantive due process would be found only where the actions of the state 'can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense.'" See, also, *Molinari v. Bloomberg*, 564 F.3d 587, 599 (2nd Cir.2009)(Supreme Court precedent "do[es] not guarantee a right to legislate by referendum, much less a right protecting a law enacted by referendum from amendment

or repeal by a legislative body").

In *Bloomberg*, citizens by initiative passed a law limiting term limits for city officials to two terms. Subsequently, city council passed a law permitting the mayor to run for a third term, on a justification that the city's financial crisis required it. The plaintiffs argued that permitting council to modify the law passed by referendum was unconstitutional and impinged upon their First Amendment free speech rights in the following respects: (1) cause voters to be less likely to participate in the referendum process and thus, engage in speech; and (2) violate their substantive due process rights because the purpose of the amendment to the law was to extend the defendants' own political careers. The Second Circuit held that there is no First Amendment right implicated in referenda, 564 F.3d at 601, except where there is "regulation of advocacy within the referenda process, i.e., petitions circulating, discourse and all other protected forms of advocacy." 564 F.3d at 602. The Court went on to conclude that no such prohibited regulation was present stating:

> "While we appreciate the practical reality that City voters will not be able to stop certain elected officials from seeking a third term in office through a voter initiative ... this temporal fact does not amount to a First Amendment violation."

564 F.3d at 602.

*Bloomberg* is precisely on point as to proposed Intervening Plaintiffs' claims.

In *Citizens for Legislative Choice,* 144 F.3d 916, 919 (6th Cir.1998), the Sixth Circuit clearly stated that term limits legislation affecting state and local officials "raises no federal question." 144 F.3d at 919. The Court in *Miller* further observed that "A voter has no right to vote for a specific candidate or even a particular class of candidates." 144 F.3d at 921. This reasoning disposes of proposed Intervening Plaintiffs' argument that without the term

3

limits, it will be more difficult for them to be elected because of more candidates in the field. The proposed intervenors' intervening complaint raises no viable federal issue or claim.

Finally, as to the proposed Intervening Plaintiffs' allegation that they are suing to force the City to defend the charter amendment, the Sixth Circuit noted in *Providence Baptist Church v. Hillandale Committee, Ltd.*, 425 F.3d 309, 317 (6th Cir.2005), "[C]oncerns for state autonomy ... deny private individuals the right to compel a state to enforce its laws."

The City of North College Hill respectfully requests that the Court overrule proposed Intervening Plaintiffs' Motion to Intervene.

                                Respectfully submitted:

                                ***/s/ Lawrence E. Barbiere***
                                Lawrence E. Barbiere (0027106)
                                Attorneys for Defendant, City of North College Hill
                                SCHROEDER, MAUNDRELL, BARBIERE & POWERS
                                5300 Socialville-Foster Road, Suite 200
                                Mason, OH 45040
                                513-583-4200
                                513-583-4203 facsimile
                                lbarbiere@smbplaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

David A. Pepper, (0071739)
Lori Nuckolls, (0069386)
Nathaniel R. Jones, (0026866)
Blank Rome
1700 PNC Center
201 East Fifth Street
Cincinnati, OH 45202
513-362-8700
513-362-8787 facsimile
dpepper@blankrome.com
nuckolls@blankrome.com
jones-n@blankrome.com

William M. Deters II (0065203)
Law Director, North College Hill
1714 West Galbraith Road
Cincinnati, OH 45239
513-421-2540
513-562-4986 facsimile
wmdeters@erflegal.com

Charles W. Anness (0082194)
Hamilton County Prosecutor's Office
230 E. Ninth Street Suite 4000
Cincinnati, OH 45202
513-946-3273
charles.anness@hcpros.org

Colleen M. McCafferty (0079858)
Hamilton County Prosecutor's Office
230 East Ninth Street, Suite 4000
Cincinnati, OH 45202
513-946-3133
513 946 3018 facsimile
colleen.mccafferty@hcpros.org

*/s/ Lawrence E. Barbiere*, (0027106)
Lawrence E. Barbiere